IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL LEWIS,<br>Reg. No. 49803-074,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN ALAN COHEN, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:21-CV-364-RAH-CSC<br>)<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Before the court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 that was filed by Michael Lewis. At the time he filed the petition, Lewis was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 106-month prison sentence entered against him by the United States District Court for the Eastern District of Tennessee. Doc. 8 at 68. Lewis was convicted of attempt and conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamines and 500 grams or more of a mixture and substance containing methamphetamines, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). *id.*; *see also* Doc. 20 at 1. In his Amended Petition (Doc. 8), Lewis challenges Respondent's decision finding him ineligible for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and maintains Respondent's determination regarding his eligibility violated his due

process and equal protection rights.[1] Lewis requests release to home confinement. Doc. 8 at 8.

Respondent filed an Answer to the petition (Doc. 20) to which Lewis filed a response (Doc. 22). For the reasons below, the Magistrate Judge recommends Lewis's § 2241 petition be dismissed as moot.[2]

## II.   DISCUSSION

### A.   Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *Lopez v. Davis*, 531 U.S. 230, 236 (2001); *McCarthen v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Because Lewis's challenges stem from the Government's conduct concerning the denial of his request for release to home confinement, his claims are considered proper under the procedural mechanism of 28 U.S.C. § 2241. Venue is likewise proper because Lewis was incarcerated in this district when he filed the petition. *See e.g., Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that a 28 U.S.C. § 2241 petition for habeas corpus relief generally must be brought in the district court where the inmate is incarcerated.); *Brown v. Warden of FCI Williamsburg*, No. 8:19cv546-HMH-

---

[1] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* PL 116-136, § 12003(b)(2), March 27, 2020, 134 Stat. 281.

[2] After Lewis submitted an address change (Doc. 26) reflecting his release to a free world residence, the court entered an order requiring Lewis to show cause why his habeas application should not be dismissed as moot. Doc. 27. Lewis filed no response.

JDA, 2019 WL 1780747, at *2 (D.S.C. Mar. 25, 2019), *report and recommendation adopted*, CV 8:19-546-HMH-JDA, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding that a § 2241petition must be brought against the warden of the facility where the prisoner is being held and in the district of confinement rather than in the sentencing court) (citing 28 U.S.C. § 2242 and *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

**B.     Mootness**

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that federal courts have no power to decide questions that cannot affect the rights of litigants before them).

A case therefore is moot if a court cannot give meaningful relief to the claims. *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir. 1987) (holding that "[w]hen effective relief cannot be granted because of later events, the [case] must be dismissed as moot."); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that a claim is moot and must be dismissed if an event occurs that prevents the court from granting effective relief). In the specific context of habeas

petitions, the case-or-controversy requirement warrants a finding of mootness if (1) the petitioner has received the relief requested in the petition or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Lewis's objective in filing this action was to be transferred to home confinement to serve the remaining portion of his imposed sentence. But Lewis has since been released from federal custody or to home confinement. *See* Doc. 26. The court cannot now grant Lewis meaningful habeas relief on his claims and there are no allegations he will be subject to any future adverse consequences related to his claims. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). With there no longer being a case or controversy to litigate, Lewis's request for habeas relief is moot, and his petition is due to be dismissed. *See U. S. ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding that challenge to parole regulation was mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

**C.   Conditions of Confinement**

To the extent Lewis's claims of due process and equal protection violations stemming from Respondent's denial of his request for release to home confinement challenge the conditions of his confinement, they are not properly before the court in this habeas petition. A writ of habeas corpus is the means by which prisoners may challenge the legality of their confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If

Lewis's due process and equal protection claims are considered challenges to a condition of confinement, the law is settled that relief from unconstitutional prison conditions is not release by writ of habeas corpus but by discontinuance of the improper practice or correction of the conditions. *See Fernandez*, 941 F.2d at 1494 (quotation marks and citation omitted) (holding that "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the [Constitution] . . . is to require the discontinuance of any improper practices, or to require correction of any condition causing [the violation.]"; *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action). Consequently, in the event Lewis's allegations that Respondent's decision to deny him eligibility for release to home confinement was racially motivated and amounted to arbitrary and capricious conduct in violation of the Fourteenth Amendment are more akin to those claims asserted in a civil rights action, they are more appropriately reviewed in a *Bivens* action,[3] not in a habeas corpus petition.

---

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Petitioner Michael Lewis be DISMISSED with prejudice.

Further, it is ORDERED that by **September 27, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of September 2023.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE